[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13926
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20135-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL DANGER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 1, 2013)

Before CARNES, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Danger appeals his convictions and sentences for conspiracy to

possess with intent to distribute oxycodone, in violation of 21 U.S.C. § 846, and

possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1). Before trial, Danger filed a motion for new counsel on the bases that he was unable to communicate with his trial counsel because he did not speak English and his trial counsel did not speak Spanish, and that his trial counsel did not give him an appropriate amount of attention. After a hearing on the motion, the district court denied Danger's motion. Danger subsequently pleaded guilty and received three concurrent terms of 36 months' imprisonment.

On appeal, Danger first argues that the district court erred in denying his motion for new counsel. Second, Danger argues that his sentence is substantively unreasonable. After review, we affirm.

## I.  Motion for New Counsel

We review a district court's ruling on a defendant's motion for new counsel for abuse of discretion. *United States v. Calderon*, 127 F.3d 1314, 1343 (11th Cir. 1997). In reviewing a district court's denial of a motion for new counsel, we consider: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the merits of the motion; and (3) whether the conflict resulted in a total lack of communication such that an adequate defense was not presented. *Id.* Even if the district court abuses its discretion in denying a motion for new counsel, the error is harmless unless the defendant shows that, in the context of the sentencing hearing, he was somehow prejudiced by his counsel's representation. *Id.*

2

Here, Danger's counsel assured the district court that he could provide sufficient representation to Danger despite the language barrier, stated that he had previously represented Spanish-speaking clients, and confirmed that he and his investigator (who spoke Spanish) had met with Danger to discuss the case. Danger pleaded guilty to his offenses, and his counsel successfully argued for a downward variance based on the personalized circumstances of Danger's case. Accordingly, Danger has not shown that his trial counsel did not provide an adequate defense for him at trial. Danger has also not argued, let alone sufficiently established, that he was prejudiced by his counsel's representation. *See id.* Accordingly, the district court did not abuse its discretion in denying Danger's motion for new counsel.

## II. Reasonableness of the Sentence

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law,

provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the Guidelines as advisory and not mandatory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  *Id.*

"The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  Although we do not apply a presumption of reasonableness for sentences falling within the guideline range,

"ordinarily we would expect a sentence within the Guidelines range to be reasonable." *United States v. Talley*, 431 F.3d 784, 787-88 (11th Cir. 2005).

Here, Danger's sentence was substantively reasonable. We ordinarily expect a guideline sentence to be reasonable, and Danger received a below-guideline sentence. *See id.* Danger was held accountable for 45.1 grams of oxycodone as the primary seller, and he was also connected to a much larger amount of pills. The district court considered the statements of the parties and thoroughly discussed the sentencing factors. Danger's claim that there is an unwarranted disparity between his sentence and the 32-month sentence of a co-defendant is without merit because Danger pled guilty to all three counts of the indictment while the co-defendant pled guilty to only one count. Accordingly, given the nature of the offenses and the downward variance, the district court's sentences were substantively reasonable.

### III.  Conclusion

After careful review of the record, we affirm Danger's convictions and sentences.

AFFIRMED.

5